UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
MAY 2 4 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

---

BRITTANI P.,[1]

      Plaintiff,

    v.                                                   1:20-CV-775 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---



## DECISION AND ORDER

Plaintiff Brittani P. brought this action under the Social Security Act (the "Act"), seeking review of a determination by the Commissioner of Social Security (the "Commissioner") that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 11. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 12. Plaintiff replied. Dkt. 14.

For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On October 31, 2016, Plaintiff applied for benefits under the Act alleging disability beginning October 27, 2015.  Tr. 888.[2]  Plaintiff's application was initially denied by the Social Security Administration on March 27, 2017.  Tr. 806.  Plaintiff then filed a written request for a hearing on April 4, 2017, Tr. 819, which took place before an Administrative Law Judge ("ALJ") on March 14, 2019.  Tr. 749-87.  The ALJ issued a written decision to Plaintiff on April 10, 2019 denying her claim.  Tr. 15-25.  The Appeals Council denied Plaintiff's request for review on April 23, 2020.  Tr. 1-3.  Plaintiff then commenced this action.  Dkt. 1.

## LEGAL STANDARDS

## I.   District Court Review

The scope of review of a disability determination involves two levels of inquiry.  *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination."  *Id.*  The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act."  *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'"  *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

---

[2] All filings at Dkt. 9 are the transcript of proceedings before the Social Security Administration.  All references to Dkt. 9 are denoted "Tr. __."

2

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have [her] disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II.   <u>Disability Determination</u>

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(2). At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 416.920(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 416.920(a)(4)(ii). If there are no severe impairments, the

claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 416.920(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 416.920(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 416.920(a)(4)(iv), (e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for her collective impairments. *See id.* §416.945. The ALJ then determines if the claimant can perform past relevant work. *Id.* § 416.920(a)(4)(iv). If she can perform past work, she is not disabled and the analysis ends. *Id.* § 416.920(a)(4)(iv), (f). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.* § 416.920(a)(4)(iv), (f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 416.920(a)(4)(v), (g); *see also*

4

*Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  Specifically, the Commissioner

must prove that the claimant "retains a residual functional capacity to perform

alternative substantial gainful work which exists in the national economy." *Rosa v.

Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604

(2d Cir. 1986)).

## DISCUSSION

### I.   The ALJ's decision

The ALJ evaluated Plaintiff's claim for benefits under the process described

above.  At step one, the ALJ determined Plaintiff had not engaged in substantial

gainful activity since October 31, 2016.  Tr. 17.  At step two, the ALJ determined

Plaintiff had the following severe impairments: "chronic obstructive pulmonary

disease, asthma, substance abuse, posttraumatic stress disorder [PTSD], anxiety,

bipolar disorder, and attention-deficit/hyperactivity disorder [ADHD]."  *Id.*  The

ALJ also found that Plaintiff had non-severe "degenerative disc disease of the

lumbar spine and osteoarthritis of the left shoulder and left knee" that did not

"cause more than minimal work-related limitations."  Tr. 18.  At step three, the ALJ

found that none of Plaintiff's limitations met or equaled a listed impairment in 20

C.F.R. Pt. 404, Subpt. P, App. 1.  *Id.*  In making this determination the ALJ

considered the following listings: 12.04 Depressive, bipolar and related disorders;

12.06 Anxiety and obsessive-compulsive disorders; and 12.15 Trauma and stressor-

related disorders.  Tr. 19.

At step four, the ALJ determined Plaintiff had the RFC to perform light work defined in 20 C.F.R. § 416.967(b), except Plaintiff was limited to "unskilled [work] which is simple, routine and low stress, defined as having only occasional decision making, changes in work setting or interaction with others in a clean air environment[,] such as found in an office building or shopping mall[,] and no work at heights or involving the operation of a motor vehicle or moving machinery." Tr. 20.

At the final step, the ALJ found that Plaintiff did not have any past relevant work. Tr. 23. The ALJ determined, however, that Plaintiff was able to perform the requirements of other occupations in the national economy. Tr. 24. As such, the ALJ concluded that Plaintiff was not disabled. Tr. 24-25.

## II.    Analysis

Plaintiff makes three arguments in support of her motion. Dkt. 11-1. First, Plaintiff argues the ALJ "improperly made his RFC determination without relying on opinion evidence" and "instead relied on his own interpretation of the raw treatment records to make the RFC determination." *Id.* at 11. Second, Plaintiff contends that the ALJ improperly weighed the opinions of consultative examiners Adam Brownfeld, Ph.D., and Harbinder Toor, M.D., and that "both opinions deserved greater weight." *Id.* at 17. Third, Plaintiff argues that the ALJ erred in failing to consider the "other source" opinion of Plaintiff's counselor. *Id.* at 23.

6

A. **The RFC determination was based on substantial evidence from the record and was not a product of the ALJ's lay judgment.**

Plaintiff argues that the ALJ "improperly made his RFC determination without relying on opinion evidence" and, thus, "the RFC was left unsupported by substantial evidence." Dkt. 11-1, at 11.

An ALJ will evaluate medical opinions in the record based on "the following factors: (1) the evidence in support of the opinion; (2) the consistency of the opinion with the record as a whole; (3) the specialty of the physician; and (4) any other factors which may support or contradict the opinion." *Suttles v. Colvin*, 654 F. App'x 44, 46 (2d Cir. 2016) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).  In evaluating medical opinions, the court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).  For medical opinions of consultants or non-treating sources, 20 C.F.R. § 416.927(c)(3) provides that "because non[-]examining sources have no examining or treating relationship with [the claimant], the weight [the ALJ] will give their medical opinions will depend on the degree to which they provide supporting explanations for their medical opinions." *Messina v. Comm'r of Soc. Sec. Admin.*, 747 F. App'x 11, 16 (2d Cir. 2018).

Though the ALJ will evaluate each medical opinion received, regardless of its source, according to these factors he is not required to defer to any one opinion in formulating the RFC, particularly if such an opinion is unsupported by other

substantial evidence in the record. *See Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) (adopting *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (holding that the ALJ's conclusions need not "perfectly correspond with any of the opinions of medical sources cited in his decision") *see also* 20 C.F.R. § 416.927(c).

Here, the ALJ gave "some weight" to Dr. Brownfeld's opinion and "less weight" to Dr. Toor's opinion in formulating the RFC. Tr. 23 (citing Tr. 1604-07, 1598-1602). He also gave "some weight" to the opinion of agency consultant M. Marks. Tr. 23 (citing Tr. 788-800). The ALJ found that Dr. Brownfeld's opinion was "entitled to consideration because he examined the claimant and is a specialist," but that "the record does not support [the] marked limitations" found by Dr. Brownfeld. Tr. 23; *see also* Tr. 1606 (Dr. Brownfeld's opinion that Plaintiff was "moderately to markedly limited in using reasoning and judgment to make work related decisions, interacting adequately with supervisors, coworkers, and the public, and regulating emotions, controlling behavior, and maintaining well-being"). The ALJ found that, though Dr. Toor "examined the claimant, his opinion is entitled to less weight because he is not a specialist," and the ALJ found that Dr. Toor's "opinion [was] not consistent with the diagnoses, treatment records, and other objective evidence." Tr. 23.

Contrary to Plaintiff's assertion, the ALJ did not reject all the medical source opinions. As noted, the ALJ gave "some weight" to Dr. Brownfeld's opinion and "less weight" to the other two opinions in the record. The ALJ did not "substitute[] [his] own expertise of the medical proof for medical opinion," *Currie v. Comm'r of*

8

*Soc. Sec.*, No. 17-CV-602 (MAT), 2018 WL 5023606, at *3 (W.D.N.Y. Oct. 17, 2018),

simply because he did not afford any opinion greater than "some" weight. *See, e.g.,*

*Wynn v. Comm'r of Soc. Sec.*, 342 F. Supp. 3d 340, 349 (W.D.N.Y. 2018) (holding

that ALJ's determination was supported by substantial evidence because, even

though the ALJ did not assign controlling weight to any one opinion, there was not

an absence of opinion evidence when the ALJ discussed each opinion in formulating

the RFC); *Lori M. v. Comm'r of Soc. Sec.*, No. 19-CV-1629-LJV, 2021 WL 230916, at

*4 n.7 (W.D.N.Y. Jan. 22, 2021).

Moreover, a "consultative examiner's opinion may constitute substantial

evidence if otherwise supported by the record." *Grega v. Saul*, 816 F. App'x 580,

582–83 (2d Cir. 2020); *see also Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir.

1983). A review of the record reveals no indication that substantial evidence does

not support Dr. Toor and Dr. Brownfeld's opinions. In fact, Plaintiff points to

evidence in the record that supports these opinions. *See* Dkt. 11-1, at 19-20

(Plaintiff's brief stating Dr. Brownfeld's report was supported by his own

examination findings, Plaintiff's subjective reports, and "the record as a whole")

(citing Tr. 1484, 1486, 1581, 1605-07, 2457), Dkt. 11-1, at 21 (Dr. Toor's findings of

moderate postural limitations and mild to moderate limitations in fine motor

activity of the left hand were "supported by Dr. Toor's consultative examination"

and were "consistent with the record") (citing Tr. 1027, 1028, 1035, 1354, 1601,

1616, 1619, 1622, 1625, 1975). To the extent the ALJ based his decisions on Dr.

Toor's and Dr. Brownfeld's findings, the ALJ was "entitled to weigh all of the

evidence available to make an RFC finding that was consistent with the record as a whole." *Matta*, 508 F. App'x at 56 (2d Cir. 2013).

To the degree that the RFC departed from the findings contained in Dr. Toor's and Dr. Brownfeld's opinions, these opinions "did not bind the ALJ, who was entitled to exercise discretion in reviewing the record evidence in its totality and in evaluating [Plaintiff's] statements about her symptoms and limitations." *Barry v. Colvin*, 606 F. App'x 621, 624 (2d Cir. 2015) (internal citations omitted) (citing 20 C.F.R. §§ 404.1527(d)(2); 404.1529(c)(4)); *see also* SSR 96–7p, 1996 WL 374186, at *5 (the ALJ must evaluate statements and reports of a claimant's medical sources, along with any other relevant information in case record, and "draw appropriate inferences and conclusions"). And for both Plaintiff's physical and mental limitations, "the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity [such that] a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 Fed. Appx. 5 at *8 (2d Cir. 2017) (summary order), ((citing *Tankisi v. Comm'r of Soc. Sec.*, 521 Fed. Appx. 29, 34 (2d Cir. 2013) (summary order))); *see also Pellam v. Astrue*, 508 Fed. Appx. 87, 90 (2d Cir. 2013) (upholding RFC determination where ALJ "rejected" physician's opinion but relied on physician's findings and treatment notes) (summary order).

Plaintiff also argues that because Dr. Toor's and Dr. Brownfeld's opinions "were supported by the appropriate factors," these opinions "deserved greater weight." Dkt. 11-1, at 17.

Here, Plaintiff's "disagreement is with the ALJ's weighing of the evidence,
but the deferential standard of review prevents [this Court] from reweighing it."
*Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016). In other words, to the extent
Plaintiff objects to the ALJ's consideration of the evidence, this Court may not
"decide the facts anew, reweigh the evidence, or substitute its own judgment for
that of the [ALJ]." *Fanton v. Astrue*, 2011 WL 282383, at *2 (W.D.N.Y. Jan. 25,
2011) (quoting *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986)); *see also Vincent
v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the
reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health &
Human Services*, 705 F.2d 638, 642 (2d Cir. 1983)).

Moreover, "[w]here there is conflicting evidence in the record, it is within the
discretion of the ALJ to consider such contradictions." *Veino v. Barnhart*, 312 F.3d
578, 588 (2d Cir. 2002). The Court must "defer to the Commissioner's resolution of
conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012);
*see also Schaal*, 134 F.3d at 504 ("It is for the [Social Security Administration], and
not this court, to weigh the conflicting evidence in the record."). The Court can
reject the ALJ's findings "only if a reasonable factfinder would have to conclude
otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations
and quotations omitted). And where, as here, substantial evidence in the record
supports the ALJ's determination, the Court must affirm that conclusion. *See
Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001).

**B. The ALJ did not err in failing to consider explicitly the opinion of Plaintiff's counselor.**

Plaintiff argues that the ALJ's decision was not based on substantial evidence because he did not explicitly consider the opinion of her substance abuse counselor Brittanie Fitch, CASAC-T. Dkt. 11-1, at 23.

At the time Plaintiff filed her claim, substance abuse and rehabilitation counselors, like Ms. Fitch, were considered "non-medical" or "other" sources. *See* SSR 06-03P, 2006 WL 2329939, at *2 (Aug. 9, 2009). While the ALJ may consider the opinions of these "other sources," there is no obligation to assign weight or defer to opinions from these sources. *See Genier v. Astrue*, 298 F. App'x 105, 108 (2d Cir. 2008) (citing 20 C.F.R. § 416.913(a)). But the ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R. § 416.927(f)(2).

The Commissioner contends that "Plaintiff has not shown that Ms. Fitch's statement would have any impact on the outcome of the case, as required under 20 C.F.R. § 416.927(f)(2)." Dkt. 12-1, at 16. This Court agrees that, even if the ALJ erred in failing to address Ms. Fitch's report, Plaintiff has not shown that the report would be determinative if considered by the ALJ. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (harmless error existed where "application of the correct legal principles to the record could lead [only to the same] conclusion"). Ms. Fitch's report contains only cursory objective findings, none of which indicates that

Plaintiff suffers from greater limitations than those found by other sources. *See* Tr. 2529 (in response to the question posed on the form reading "[a]re there any known signs and/or client-identified signs of decompensation?" Ms. Fitch indicated, "[i]ncreased anxiety and frustrations/anger, crying, increased depression"); Tr. 2530 (Plaintiff "would benefit from added support and attendance at the PROS program as it would benefit her mental health and help her toward getting custody of her children."). Instead the report merely recites Plaintiff's subjective reports of symptoms. *See* Tr. 2529, 2530 (Plaintiff "reported that 'everything' is contributing to increased stress and symptoms. She said that she is having difficulty managing court, medical problems, PROS, Spectrum Clinic, and work. She also stated that not being able to see her kids contributes to her stress and increased symptoms," and Plaintiff "also reports depressions during which she stays in bed but sleeps poorly, and lacks motivation.").

Moreover, any conclusions Ms. Fitch made regarding Plaintiff's substance abuse issues are moot given that the ALJ already considered the impact of those issues on Plaintiff's functioning. *See* Tr. 22-23 (The ALJ "also considered the claimant's substance abuse history . . . the claimant has a well-documented history of drug abuse in the past; however, there is no indication that the claimant has any significant work-related limitations of function as a result of this impairments during the time period at issue. Moreover, the claimant is not alleging any limitations based on drug and alcohol abuse.").

13

The ALJ also explicitly considered Dr. Brownfeld's opinion, *see* Tr. 20, 21, 23; which found, in part, that Plaintiff was "moderately to markedly limited in using reasoning and judgment to make work related decisions, interacting adequately with supervisors, coworkers, and the public, and regulating emotions, controlling behavior, and maintaining well-being," Tr. 1606.  Because the ALJ already properly considered Plaintiff's subjective reports of mental health symptoms and either discounted them or incorporated them into the RFC, it is unlikely that Ms. Fitch's report would alter the ALJ's determination if explicitly mentioned.  *Compare* Tr. 19 (ALJ's cites to Plaintiff's reports that "she has trouble getting along with relatives, friends, neighbors, and authority figures"), *and* Tr. 20 (Plaintiff "reported that she does not respond well to stress or changing in her schedule"), *with* Tr. 20 (RFC for work that is "simple, routine and low stress, defined as having only occasional decision making, changes in work setting or interaction with others.").  Accordingly, remand is not warranted.

This Court has considered Plaintiff's remaining arguments and finds them to be without merit.

## CONCLUSION

For the above reasons, the Court GRANTS the Commissioner's motion for judgment on the pleadings (Dkt. 12) and DENIES Plaintiff's motion for judgment on the pleadings (Dkt. 11).  The Clerk of the Court will close this case.


SO ORDERED.


Dated:      May 24, 2022
              Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE